Green, J.
delivered the' opinion of the court.
This is a scire facias against the defendant, as surety upon a *227 forfeited recognizance. The defendant pleaded, first, that he had surrendered the principal to the sheriff. To this plea there is a general replication and issue. The second plea alleges, ■that the principal, for whose appearance the defendant was surety, was sick during the whole term of the court, at which he was bound to appear. To this plea there is a general replication; to which the defendant demurred. The third plea alleges, that the principal, for whose appearance the defendant was surety, has been tried, convicted and punished for the of-fence with which he was charged. To this plea the State demurred.
The court gave judgment for the defendant, on his demurrer to the plaintiff’s replication to the second plea, from which the State appealed to this court. The demurrer to the replication to the second plea was well taken, because there was no proper conclusion. The substance of the replication amounts only to a denial of the fact stated in the plea, that the defendant in the indictment was sick during the whole term of the court at which he was bound to appear, and should, therefore, have concluded to the country. But the plea itself is bad. The fact that a defendant is sick, constitutes no reason for his non-appearance in obedience to his recognizance, that will excuse the bail from a surrender of him at the subsequent term.
This however leads us to examine the scire facias; for the demurrer goes back to the first fault in pleading. And we think it is bad for several reasons.
1st. By the act of 1809, ch. 6, sec. 2, the sheriff is author-ised to take bail, in cases where the principal may be surrendered by his sureties. By the act of 1831, ch. 4, sec. 1, the sheriff is authorized tp take bail in all criminal cases, where the accused has been committed to jail for want of surety, Car. &Nich. 119, 121. These are the only statutes which-authorize the sheriff to take bail in criminal cases. His authority is not general, but special. He can only take bail in the given cases mentioned in these statutes: where the party has been surrendered by his bail; and where he has been committed for want of surety. He must, therefore, recite in the recognizance, the state ©f facts, upon the existence of which, his authority to *228 take the bail is founded, otherwise the court cannot see that the recognizance was entered into before an officer, having by law power to take it.
2d. This recognizance was taken before the deputy sheriff. We do not think the deputy sheriff has any power to take a recognizance under the statutes before referred to. The act thus authorized, is of a judicial character. It requires the exercise of judgment and discretion; and the sheriff alone is empowered to perform it. The case would be different, if it were purely a ministerial act. In all such cases the sheriff may act by his deputy. But it is insisted by the Attorney General, that this is a ministerial act; that the sheriff at common law, could, as an incident to his office, take bail in criminal cases.
Whether this be so or not, it is not necessary to enquire, for whatever the common law powers of a sheriff might be, it is clear that the Acts of Assembly above quoted restrict them to the cases mentioned in the acts, and by implication, repeal all other powers upon the subject, not therein conferred.
3d. But the recognizance recited in this scire facias, required the party to appear at the court the 4th Monday of October, 1840. The forfeiture is taken at a court commenced to be holden the 4th Monday of February, 1841; the record reciting that there was no court holden on the 4th Monday of October, 1840. Most clearly the defendant was notbound beyond the undertaking in his bond, and the law applicable to it, as it existed at the time the bond was executed. It does not appear for what reason no court was held in October, 1840; but if we may know that the time was changed by a legislative act, still the legislature had no power to extend the terms of the defendant’s contract, beyond the obligation he entered into when he made the contract.
Let the judgment be affirmed.